**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JORDAN DOZIER,
     Plaintiff,

v.                                                    8:25-cv-309-NPM

COMMISSIONER OF SOCIAL SECURITY,
     Defendant.

---

## ORDER

Plaintiff Jordan Dozier seeks judicial review of a denial of Social Security disability benefits. The Commissioner of the Social Security Administration filed the transcript of the administrative proceedings (Doc. 10), Dozier filed an opening brief (Doc. 14), and the Commissioner responded. (Doc. 20). As discussed in this order, the Commissioner's decision is affirmed.

## I.    Eligibility for Disability Benefits and the Administration's Decision

### A.    Eligibility

The Social Security Act and related regulations define disability as the inability to do any substantial gainful activity by reason of one or more medically determinable physical or mental impairments that can be expected to result in death or that have lasted or can be expected to last for a continuous period of not less than twelve months. [1] Depending on its nature and severity, an impairment limits

---

[1] *See* 42 U.S.C. § 1382c(a)(3); 20 C.F.R. § 416.905.

exertional abilities like walking or lifting, nonexertional abilities like seeing or hearing, tolerances for workplace conditions like noise or fumes, or aptitudes necessary to do most jobs such as using judgment or dealing with people.[2]  And when functional limitations preclude both a return to past work and doing any other work sufficiently available in the national economy (or an impairment meets or equals the severity criteria for a disabling impairment as defined in the regulatory "Listing of Impairments"), the person is disabled for purposes of the Act.[3]

### B.    Factual and procedural history

On December 6, 2021, Dozier applied for supplemental security income. (Tr. 23, 170–76). He asserted an onset date of March 1, 2018, alleging disability due to the following: schizoaffective disorder, bipolar depression, PTSD, obesity, and asthma. (Tr. 190). As of the alleged onset date, Dozier was 28 years old with at least a high school education and some work experience as a fast-food worker and grocery-store bagger. (Tr. 32, 205, 286).

On behalf of the administration, a state agency[4] reviewed and denied Dozier's

---

[2] *See* 20 C.F.R. §§ 416.913(a)(2)(i)(A)–(D) (discussing the various categories of work-related abilities), 416.922(b) (providing examples of abilities and aptitudes necessary to do most jobs), 416.945(b)–(d) (discussing physical, mental, and other abilities that may be affected by an impairment), 416.994(b)(1)(iv) (defining functional capacity to do basic work activities).

[3] *See* 20 C.F.R. § 416.911(a).

[4] In Florida, a federally funded state agency develops evidence and makes the initial determination whether a claimant is disabled. *See* 42 U.S.C. §§ 421(a), 1383b; 20 C.F.R. § 416.903(a).

application initially on April 21, 2023, and upon reconsideration on September 6, 2023. (Tr. 103–07; 109–12). At Dozier's request, Administrative Law Judge (ALJ) Robert Ballieu held a hearing during which Dozier was represented by an attorney. (Tr. 39–73). The ALJ issued an August 5, 2024, decision finding Dozier not disabled (Tr. 20–38), and the administration's Appeals Council affirmed. (Tr. 9–14). Dozier then brought the matter to this court, and the case is ripe for judicial review.

### C.    The ALJ's decision

The ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. 20 C.F.R. § 416.920(a)(1). This five-step process determines:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in significant numbers in the national economy.

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (internal quotation omitted); *see also* 20 C.F.R. § 416.920(a)(4).

The governing regulations provide that the Social Security Administration conducts this "administrative review process in an informal, non-adversarial manner." 20 C.F.R. § 416.1400(b). Unlike judicial proceedings, Social Security Administration hearings "are inquisitorial rather than adversarial." *Washington v.*

*Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018) (quoting *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (plurality opinion)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id.* Indeed, "at the hearing stage, the commissioner does not have a representative that appears 'before the ALJ to oppose the claim for benefits.'" *Id.* (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id.* (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

Nonetheless, while the claimant is relieved of the burden of production during step five as to whether there are enough jobs someone like the claimant can perform, the claimant otherwise has the burdens of production and persuasion throughout the process. *See* 20 C.F.R. § 416.912 (providing that the claimant must prove disability); *see also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (noting the regulations "place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work"). In short, the "overall burden of demonstrating the existence of a disability as defined by the Social Security Act unquestionably rests with the claimant." *Washington*, 906 F.3d at 1359 (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

At step one of the evaluation, the ALJ found Dozier had not engaged in substantial gainful activity since the application date. (Tr. 25). At step two, the ALJ characterized Dozier's severe impairments as: irritable bowel syndrome, morbid obesity, and schizoaffective disorder. (Tr. 25). At step three, the ALJ determined that Dozier did not have an impairment or combination of impairments that met or medically equaled the severity of an agency-listed impairment. (Tr. 26).

As a predicate to step four, the ALJ arrived at the following RFC:

> … the claimant [can] perform light work … except he can only stand and/or walk 2 hours in an 8-hour workday, sit 6 hours in an 8-hour workday, push/pull limited to the weights given above. He can occasionally climb ramps and stairs and stoop, but never kneel, crouch or crawl and never climb ladders, ropes or scaffolds. The claimant must avoid concentrated exposure to extreme heat, fumes, odors, dusts, gases and poor ventilation and even moderate exposure to hazardous machinery and unprotected heights. The claimant is able to understand, remember and apply detailed, but not complex instructions, interact appropriately with supervisors, but only occasionally with coworkers and the general public, concentrate, persist and maintain pace for 2 hours at a time and manage himself and adapt to routine changes in the workplace. (Tr. 28).

The ALJ found Dozier had no past relevant work. (Tr. 32). The ALJ also found that Dozier could perform other work that exists in significant numbers in the national economy. (Tr. 32). In support, a vocational expert testified (Tr. 277–89)[5] that an

---

[5] The record includes testimony from two vocational experts. During the hearing, the ALJ posed a hypothetical RFC that included a two-hour limit for standing and walking. (Tr. 68-69). A vocational expert correspondingly opined about sedentary work that would fit with Dozier's vocational profile. (Tr. 69). After the hearing, the ALJ submitted interrogatories to another vocational expert posing a hypothetical RFC about light work, with the exception that standing and walking would be limited to two hours (the same RFC found in the ALJ's decision). The second vocational expert opined about a range of light work. (Tr. 286-289). The ALJ gave Dozier an opportunity to respond to the second opinion, to submit questions to its author, and to request a supplemental hearing (which would be granted unless the ALJ decided to grant Dozier's application for SSI benefits). (Tr. 292-293). But neither any response from Dozier nor any

individual of Dozier's age, education, work experience, and RFC could perform the

following representative occupations:

- *Small Products Assembler,* DOT #739.687-030, light, SVP 2, with 58,000 jobs;

- *Final Inspector,* DOT #727.687-054, light, SVP 2, with 37,000 jobs;

- *Poly Packer and Heat Sealer*, DOT #920.686-038, light, SVP 2, with 42,000 jobs.[6]

Thus, for purposes of the Act, the ALJ concluded that from the application

date to the date of decision, Dozier was not disabled. (Tr. 33).

## II.   Analysis

Dozier's appeal asks whether, during step five in the sequential analysis, an

ALJ must account for the extent to which employers may or may not accommodate

a claimant's weight and girth by providing, or allowing the use of, a special chair or

other seating accommodation.

### A.   Standard of review

The court "may not decide the facts anew, make credibility determinations, or

---

proposed questions or request for a supplemental hearing are found in the record. The ALJ relied on the opinion of the second expert.

[6] The DOT numbers refer to the *Dictionary of Occupational Titles* and its detailed explanations concerning each occupation's requirements. These descriptions include exertion and skill levels. Exertion refers to the work—in a purely physical sense—that the job requires, and is divided into five categories: sedentary, light, medium, heavy, and very heavy. Skill refers to the time it takes—during or before a job, such as prior experience or education—to develop necessary abilities, and it is divided into three categories: unskilled, semiskilled, and skilled. The "SVP" (Specific Vocational Preparation) provides further subdivision of the three skill categories into nine levels: SVP 1 and 2 are unskilled; SVP 3 and 4 are semiskilled; and SVP 5 through 9 are skilled. The expert's job numbers were for the national economy.

reweigh the evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 997 F.3d 1127, 1132 (11th Cir. 2021). While the court must account for evidence both favorable and unfavorable to a disability finding and view the evidence as a whole, *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), the court's review of the administration's decision is limited to determining whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020) (quoting *Crawford*, 363 F.3d at 1158)).

"[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The inquiry is "case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Id*. at 1157. In other words, a "presumption of validity attaches" to the ALJ's factual findings. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987). And if supported by substantial evidence, the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). This means the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence "preponderates against" the agency's decision. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1323 (11th Cir. 2020) (quoting *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).

## B. A disability determination under the Act does not turn on whether employers may provide an accommodation

With a body mass index of more than sixty and a weight of nearly 500 pounds, the ALJ found that Dozier's morbid obesity affected his ability to move about and sustain activity. (Tr. 29–31). And during the ALJ hearing, a vocational expert conceded that employers would "probably" need to provide an accommodation, such as a special chair, for employees whose weight exceeded 400 pounds because that would exceed the limitations of most office chairs. (Tr. 71). From that, Dozier asserts that the ALJ committed reversible error at step five of the sequential analysis when he relied on job numbers from a second vocational expert without accounting for the extent to which a seating accommodation may be necessary and, in turn, provided or allowed by employers.

But on at least three occasions, we have rejected this very same argument.[7] And for an obvious reason. As the Supreme Court of the United States explained in a unanimous opinion: "when the [Social Security Administration] determines whether an individual is disabled for [supplemental security income] purposes, it

---

[7] *See Bruce v. Saul*, No. 8:19-cv-1740-SPF, 2021 WL 1085620, *4 (M.D. Fla. Mar. 22, 2021); *McCullough v. Comm'r of Soc. Sec.*, No. 8:17-cv-1088-T-MRM, 2018 WL 3619359, *4 (M.D. Fla. July 30, 2018); *McLaughlin v. Astrue*, No. 8:08-cv-2047-T-TGW, 2009 WL 4573456, *4 (M.D. Fla. Dec. 7, 2009). Of note, Dozier's counsel represented the claimants in all three of these cases. But he made no attempt to distinguish them here. Indeed, he didn't even acknowledge them, which would be the professional thing to do. Absent a relevant development in the United States Code, the Code of Federal Regulations, or binding appellate authority, advancing this argument again—especially with no attempt to distinguish our prior, on-point decisions—arguably exposes Dozier's counsel to Rule 11 sanctions.

does not take the possibility of 'reasonable accommodation' into account." *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999); *see also* Titles II & XVI: Documenting & Evaluating Disability in Young Adults, SSR 11-2P, 2011 WL 4055665, \*9 (S.S.A. Sept. 12, 2011) ("When we determine whether a person can do other work that exists in significant numbers in the national economy, we do not consider whether he or she could do so with accommodations, even if an employer would be required to provide reasonable accommodations under the Americans with Disabilities Act of 1990."). Naturally, this cuts both ways. An ALJ will not entertain evidence that more occupations or a greater number of jobs may be available to a claimant due to employer propensity to offer or tolerate accommodations. *See Espinoza v. Comm'r, SSA*, No. 23-1205, 2024 WL 1635689, \*2 (10th Cir. Apr. 16, 2024) (holding that an ALJ's decision "did not improperly depend on the availability of reasonable accommodation"). Nor will an ALJ consider whether the range of occupations or number of jobs may be reduced by an inability or reluctance of employers to supply or allow accommodations. *See Morsea v. Berryhill*, 725 F. App'x 463, 466 (9th Cir. 2018) (reasoning that employer tolerance for an oxygen tank is not a relevant consideration).

Rather, a disability determination hinges on whether a claimant can meet the functional demands of work despite any medically determinable impairments. *See generally* 20 C.F.R. § 416.945. It is not concerned with the potential limitations

- 9 -

of items that may be found in an occupational setting. Just as an ALJ need not be concerned with the load-bearing capacity of flooring surfaces when assessing whether a claimant can meet the standing and walking demands of any particular occupation, an ALJ need not be concerned with the weight and girth limitations associated with places to sit. *See generally* Titles II & XVI: Evaluating Cases Involving Obesity, SSR 19-2P, 2019 WL 2374244 (S.S.A. May 20, 2019) (explaining that obesity may be a medically determinable impairment, it may increase the severity or limitations of other impairments, and its associated functional limitations—with or without other limitations—may medically equal a listing, but not suggesting that the availability of workplace accommodations is an appropriate consideration). Dozier's point of error is meritless.

## III. Conclusion

Substantial evidence supports the ALJ's decision, and there was no error in the ALJ's application of the correct legal standard. Accordingly, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g), and the clerk is directed to enter judgment in the Commissioner's favor, terminate all scheduled events, and close the case.

**ORDERED** on March 31, 2026

_____

NICHOLAS P. MIZELL
United States Magistrate Judge

- 10 -